IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Michael Carman,             )
                            )
    Plaintiff,           ) Case No. 1:12-CV-002
                            )
  vs.                       )
                            )
Carolyn Colvin, Acting      )
Commissioner of Social Security, )
                            )
    Defendant.           )

O R D E R

This matter is before the Court on Magistrate Judge Wehrman's Report and Recommendation of September 5, 2013 (Doc. No. 13) and the Commissioner of Social Security's objections to the Report and Recommendation. Doc. No. 14. In his Report and Recommendation, Judge Wehrman concluded that the Administrative Law Judge's ("ALJ") determination that Plaintiff is not disabled under the Social Security regulations was not supported by substantial evidence. Moreover, Judge Wehrman determined that Plaintiff's disability under the Social Security regulations was clearly established by the medical evidence of record. Judge Wehrman, therefore, recommended that the ALJ's decision be reversed and this case be remanded to the ALJ with instructions to award Plaintiff benefits. For the reasons that follow, the Commissioner's objections to the Report and Recommendation are not well-taken and are **OVERRULED.** The Court **ADOPTS** the Report and Recommendation. The decision of the ALJ is **REVERSED**. This case is **REMANDED** to the ALJ with instructions to award Plaintiff benefits.

I. Background

When less intrusive measures failed to alleviate Plaintiff Michael Carman's severe sleep apnea, he underwent a tracheostomy to assist his breathing.  As Judge Wehrman indicated in his report, a tracheostomy involves surgically creating a hole in the front of the patient's neck into his windpipe.  The patient then has a tube inserted in the hole through which he can breathe.

It is not disputed that tracheostomy patients generate secretions which clog the breathing tube.  Consequently, it is necessary for the patient to clear and clean the tube periodically in a process that takes approximately 15 to 20 minutes.  Moreover, the cleaning procedure must be completed in sterile conditions.  According to Plaintiff, he experiences excessive secretions which typically require him to clear and clean his tracheostomy tube between 20 and 25 times per day.  Dr. Fisco, Plaintiff's treating physician, indicated that Plaintiff experiences secretions that require him to clear and clean his tube six to ten times a day.  On another occasion Dr. Fisco opined that Plaintiff needs to clear his tube every 30 to 60 minutes during the daytime.  The medical expert who testified at Plaintiff's evidentiary hearing, Dr. Gardner, did not specifically dispute Plaintiff's claim that he needs to clean his tube upwards of 20 times per day.  Dr. Gardner, rather, testified that in his experience, it would be unusual that a tracheostomy patient would need to clear his tube 20 times a day and that typically once or twice would be sufficient.  The vocational expert testified that all work would be precluded if the claimant had to take breaks lasting 15 to 20 minutes away from his workstation every hour.  The vocational expert also suggested that most employers would not be

2

able to accommodate Plaintiff's need for a sterile place in which to perform the cleaning procedure.

The ALJ found that Plaintiff was not credible as to the number of times per day he needs to clear and clean his tracheostomy tube.  The ALJ believed that if Plaintiff had to clear his tube as many times as claimed, he would have little time to do anything else the rest of the day.  The ALJ also felt that since Plaintiff claimed that his secretions increased with activity, he should be experiencing a decrease in secretions with his decreased activity, and hence, less of a need to clean his tube.

The ALJ also rejected Dr. Fisco's opinions at to the frequency with which Plaintiff needs to clean his tracheostomy tube.  The ALJ found that Dr. Fisco's opinions were not supported by his office treatment notes.  The ALJ also felt that Dr. Fisco's opinions were based on his uncritical acceptance of Plaintiff's subjective complaints.  Additionally, the ALJ discounted Dr. Fisco's opinions because, while knowledgeable about sleep apnea and the problems tracheostomy tubes present, he is only a general practitioner.

Instead, in concluding that Plaintiff has the residual functional capacity to perform a limited range of sedentary work, the ALJ credited Dr. Gardner's testimony and concluded that Plaintiff's need to clean his tracheostomy tube would not require him to be away from his workstation frequently enough to preclude his ability to work.  The ALJ determined, accordingly, that Plaintiff is not disabled because there are a substantial number of sedentary jobs in the national economy that he can perform even with his tracheostomy tube, including lens inserter and dowel inspector.

The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making that decision the final determination of the Commissioner of Social Security.

Plaintiff filed a timely complaint for judicial review of the ALJ's decision. Magistrate Judge Wehrman found that the ALJ's decision was not supported by substantial evidence and, moreover, that the record supports a judicial award of benefits. The Commissioner objects to both of those conclusions.

## II. Standard of Review

The relevant statute provides the standard of review to be applied by this Court in reviewing decisions by the ALJ. See 42 U.S.C. § 405(g). The Court is to determine only whether the record as a whole contains substantial evidence to support the ALJ's decision. "Substantial evidence means more than a mere scintilla of evidence, such evidence as a reasonable mind might accept as adequate to support a conclusion." LeMaster v. Secretary of Health & Human Serv., 802 F.2d 839, 840 (6th Cir. 1986) (internal citation omitted). The evidence must do more than create a suspicion of the existence of the fact to be established. Id. Rather, the evidence must be enough to withstand, if it were a trial to a jury, a motion for a directed verdict when the conclusion sought to be drawn from it is one of fact for the jury. Id. If the ALJ's decision is supported by substantial evidence, the Court must affirm that decision even if it would have arrived at a different conclusion based on the same evidence. Elkins v. Secretary of Health & Human Serv., 658 F.2d 437, 439 (6th Cir. 1981). The district court reviews de novo a magistrate judge's report and recommendation regarding social security benefits claims. Ivy v. Secretary of Health & Human Serv., 976 F.2d 288, 289-90 (6th Cir. 1992).

## III. Analysis

As Magistrate Judge Wehrman stated in his report, the main and dispositive issue in this case is whether the frequency with which Plaintiff needs to clear and clean his tracheostomy tube precludes his ability to work. Upon review of the record, the Court agrees with Judge Wehrman that the ALJ's decision is not supported by substantial evidence.

As indicated above, the ALJ's conclusion that Plaintiff would not need to be away from his workstation extensively to clean his tracheostomy tube is based on Dr. Gardner's opinion that cleaning the tube once or twice per day is sufficient for most patients. The problem with Dr. Gardner's testimony, however, is that whatever is typical for most patients fails to address Plaintiff's specific situation. In other words, even if Plaintiff does not need to clean his tracheostomy tube 20 to 25 times per day as he testified, neither Dr. Gardner nor the ALJ cited any evidence in the record supporting a conclusion that he only needs to clean it once or twice per day.

Thus, as Judge Wehrman indicated in his report, at a minimum the ALJ lacked a sufficient evidentiary basis to reject Dr. Fisco's determination that Plaintiff needs to clean his tracheostomy tube at least six to ten times per day and as much as once per hour during the daytime. Judge Wehrman also correctly noted that none of the other medical professionals of record addressed the frequency of Plaintiff's need to clean his tracheostomy tube. Dr. Fisco's opinions, therefore, are not contradicted by any other medical evidence in the record. Since Dr. Fisco is Plaintiff's treating physician, his uncontradicted opinion is entitled to controlling weight. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Accordingly, the ALJ's conclusion that Plaintiff would not

5

experience excessive absences from his work station due to the need to clean his tracheostomy tube was not supported by substantial evidence.

The vocational expert testified that a person who needs to be away from his work station for 15 to 20 minutes every hour would be precluded from working any job. Tr. 611-612. Dr. Fisco's opinions indicate that Plaintiff would need to be away from his workstation frequently enough to preclude all work. Thus, Magistrate Judge Wehrman correctly concluded that Plaintiff is entitled to a judicial award of benefits. Faucher v. Secretary of Health & Human Serv., 17 F.3d 171, 176 (6th Cir. 1994) ("A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking.").

In arguing that the ALJ's decision was supported by substantial evidence, the Commissioner fails to come to grips with the fact that no evidence supports either Dr. Gardner's or the ALJ's implicit conclusion that Plaintiff only needs to clean his tracheostomy tube once or twice per day. Moreover, as Judge Wehrman's report also highlighted, the Commissioner's objections fail because she cites medical evidence and opinions that do not address the specific issue of the frequency that Plaintiff needs to clean his tracheostomy tube.

<u>Conclusion</u>

For the reasons stated above, the Commissioner's objections to the Report and Recommendation are not well-taken and are **OVERRULED**. The Court **ADOPTS** the Report and Recommendation. The decision of the ALJ is **REVERSED**. This case is **REMANDED** to the ALJ with instructions to award Plaintiff benefits.

    **IT IS SO ORDERED**

Date <u>November 25, 2013</u>　　　　　<u>　　s/Sandra S. Beckwith　　</u>
　　　　　　　　　　　　　　　　　　　Sandra S. Beckwith
　　　　　　　　　　　　　　　　Senior United States District Judge